UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SOUTHWESTERN BELL TELEPHONE L.P., et al. | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 4:04-CV-1573 (CEJ) |
| GLOBAL CROSSING LTD., et al., | ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion, pursuant to Rule 54(b) and Rule 60(a), Fed.R.Civ.P., to reconsider the Court's order entered on February 7, 2006. The Global Crossing defendants oppose the motion and the issues are fully briefed.

**I.  Background**

Plaintiffs are Local Exchange Carriers that provide telecommunications services; defendant Global Crossing is an interexchange carrier that provides long-distance services; defendants McLeod, NuVox and Xspedius are Competitive Local Exchange Carriers. Plaintiffs allege that defendants use Internet-Protocol (IP) format to improperly disguise long-distance calls as local calls in order to avoid paying access charges due under federal and state tariffs. Plaintiffs assert claims for breach of tariff, unjust enrichment, fraud, and civil conspiracy.

On February 7, 2006, the Court entered an order staying consideration of plaintiffs' access charge claims, pursuant to the doctrine of primary jurisdiction, pending determination by the Federal Communications Commission (FCC) of the obligations of the participants in the transmission of long distance phone calls using IP format.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiffs do not ask the Court to reconsider this aspect of the order.

The Court also determined that claims against Global Crossing that arose before December 9, 2003, were barred by the Reorganization Plan entered by the Bankruptcy Court for the Southern District of New York. In re Global Crossing Ltd., No. 02-40188 (REG). Plaintiffs ask the Court to reconsider this determination, arguing for the first time that the tariffs it seeks are "Assumed Liabilities" exempt from discharge. Plaintiffs also reassert their previous argument that the confirmation plan cannot enjoin the claims that they were unaware of at the time of the bankruptcy action.

**II. Discussion**

Plaintiffs seek relief pursuant to Rule 54(b), which states, in relevant part, that "any order . . . which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." The Supreme Court has interpreted this portion of Rule 54(b) to mean that "every order short of a final decree is subject to reopening at the discretion of the district judge." Moses H. Cone Mem. Hosp. v. Mercury Construction Corp., 460 U.S. 1, 12 (1983); see also Interstate Power Co. v. Kansas City Power & Light Co., 992 F.2d 804, 807 (8th Cir. 1993).

The Court has reviewed plaintiffs' arguments regarding the impact of the Reorganization Plan on their claims against Global Crossing and concludes that they are premature. If the FCC determines

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

that interexchange carries such as Global Crossing are not liable for access charges, the arguments regarding the Reorganization Plan will be moot. Accordingly, the Court will deny the Rule 54(b) motion without prejudice. In the event that the FCC issues a ruling favorable to plaintiffs, the parties may seek leave to more comprehensively address the impact of the Reorganization Plan upon plaintiffs' claims.

The Court will grant plaintiffs' motion, pursuant to Rule 60(a), to clarify the identity of the remaining defendants. As indicated in the Court's previous order the McLeod defendants and the Xspedius defendants remain in the case. Additionally, the NuVox defendants, erroneously excluded from the order of February 7, 2006, remain parties to this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reconsider, pursuant to Rule 54(b) [#87] is **denied without prejudice**.

**IT IS FURTHER ORDERED** that plaintiffs' motion to clarify, pursuant to Rule 60(a) [#87] is **granted**.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by the Nuvox defendants [#68] is **denied without prejudice**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of May, 2006.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com