UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SOUTHWESTERN BELL TELEPHONE )
L.P., et al. )
 )
        Plaintiffs, )
 )
   vs. )      No. 4:04-CV-1573 (CEJ)
 )
GLOBAL CROSSING LTD., et al., )
 )
        Defendants. )

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to vacate the stay the Court entered in deference to the primary jurisdiction of the Federal Communications Commission (FCC). During the pendency of the stay, plaintiffs have dismissed their claims with respect to defendants Xspedius Management Co., LLC, Xspedius Holding Corp., Xspedius Communications, LLC, and Xspedius Management Switched Services, LLC. The remaining defendants – Global Crossing,[1] NuVox,[2] and McLeod[3] – oppose plaintiffs' motion to vacate.

**I.    Background**

Plaintiffs are ten local exchange carriers (LECs) that provide telecommunication Services. Defendant Global Crossing is an interexchange carrier (IXC) that provides long distance telephone

---

[1] Global Crossing Limited, Global Crossing Telecommunications, Inc., and Global Crossing North America Networks, Inc.

[2] NoVox, Inc., and NuVox Communications of Missouri, Inc.

[3] McLeodUSA, Inc., McLeodUSA Holdings, Inc., McLeodUSA Telecommunications Services, Inc., and McLeodUSA Network Services, Inc.

service. The McLeod and NuVox defendants are Competitive Local Exchange Carriers (CLECs). Plaintiffs allege that defendants, acting in conjunction with Least Cost Routers, improperly disguise long distance telephone calls as local calls in order to avoid paying access charges due under federal and state tariffs.

Plaintiffs commenced this action after the FCC ruled that IXCs that provide so-called "IP-in-the-middle" telephone calls are required to pay access charges. See Order, Petition for Declaratory Ruling that AT&T's Phone-to-Phone IP Telephony Services Are Exempt from Access Charges, 2004 WL 856557, 19 F.C.C.R. 7457 at ¶ 18 (Apr. 21, 2004). Global Crossing filed a motion dismiss for failure to state a claim, arguing in part that the AT&T Access Charge Order did not obligate it to pay access charges because it did not deliver the long distance traffic to the LECs.

On February 7, 2006, the Court entered an order deferring to the FCC on the issue of whether an interexchange carrier may be liable for access charges when it does not interconnect with the LEC and how the liability for access charges is to be allocated among the various participants.

**II. Discussion**

Plaintiffs argue that the FCC's failure to act requires the Court to withdraw the referral to the agency and vacate its stay. The primary jurisdiction doctrine is utilized to coordinate judicial and administrative decision making. Access Telecomm. Southwestern Bell Tel. Co., 137 F.3d 605, 608 (8th Cir. 1998). The doctrine "applies where enforcement of a claim originally

cognizable in a court requires the resolution of issues which, under a regulatory scheme, have been placed within the special expertise and competence of an administrative agency." Southwestern Bell Tel. Co. v. Allnet Comm. Servs., Inc., 789 F.Supp. 302, 304 (E.D. Mo. 1992). The purposes of the doctrine are to: (1) ensure desirable uniformity in determinations of certain administrative questions, and (2) promote resort to agency experience and expertise where the court is presented with a question outside its conventional expertise. United States v. Western Pac. R.R. Co., 352 U.S. 59, 63-64 (1956). "[T]he goal of national uniformity in the interpretation and application of a federal regulatory regime is furthered by permitting the agency that has primary jurisdiction over the matter in question to have a first look at the problem." American Auto. Mfrs. Ass'n v. Massachusetts Dep't of Envtl. Prot., 163 F.3d 74, 81 (1st Cir. 1998).

In the time since the Court first referred this matter to the FCC, the agency has continued to receive comments on intercarrier compensation issues and IP-enabled services. See In the Matter of IP-Enabled Services, WC Docket No. 04-36[4]; AT&T Petition for Declaratory Ruling That UniPoint Enhanced Services, Inc. d/b/a PointIne and Other Wholesale Transmission Providers Are Liable for

---

[4]Available at http://fjallfoss.fcc.gov/cgi-bin/websql/prod/ecfs/comsrch_v2.hts?ws_mode=retrieve_list&id_proceeding=04-36&start=1&end=1527&first_time=N.

Access Charges, WC Docket No. 05-276[5]. And, the FCC has indicated that it intends to address comprehensive reform in the near future. See In re Core Communications, Inc., 531 F.3d 849, 861 (D.C. Cir. 2008) (noting that FCC Chairman intends to achieve comprehensive reform within six months).

After careful consideration of the parties' arguments, the Court concludes that all of the reasons for deferring to the primary jurisdiction of the FCC remain in place at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to vacate stay [Doc. #102] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of November, 2008.

---

[5]Available at http://gullfoss2.fcc.gov/cgi-bin/websql/prod/ecfs/comsrch_v2.hts?ws_mode=retrieve_list&id_proceeding=05-276&start=1&end=11&first_time=N.